IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TREMAYNE WHITTLE**                                                **PETITIONER**

**V.**                    **CIVIL ACTION NO. 1:23CV79 TBM-LGI**

**BRAND HUFFMAN**                                           **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Tremayne Whittle seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss his petition as time-barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996. After a review of the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

In 2014, Whittle was convicted of sexually abusing his ex-girlfriend's eleven-year-old daughter in 2012. He was sentenced to serve a thirty-year term in the Mississippi Department of Corrections. The Mississippi Court of Appeals affirmed the conviction and sentence on appeal. *Whittle v. State*, 182 So. 3d 1285 (Miss. Ct. App. 2015)). After granting Whittle an extension of time until January 12, 2016, to file a motion of rehearing, the mandate issued on January 19, 2016. Whittle had previously filed a motion for post-conviction collateral relief on December 19, 2018, which was denied by the Mississippi Supreme Court on February 20, 2019. Whittle filed a second post-conviction application on August 5, 2021, which was denied by the Mississippi

Supreme Court on November 30, 2021. Whittle petitioned for federal relief on March 27, 2023.

The Antiterrorism and Effective Death Penalty Act (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987, 209 L. Ed. 2d 488 (2021)). "Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* Among them is the one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler*, 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Applying these standards here, Whittle's conviction became final when the extension of time to file a motion for rehearing in the Mississippi Court of Appeals expired on January 12, 2016. *Wallace v. Mississippi*, 43 F.4th 482, 497 (5th Cir. 2022) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)) (statute of limitations begins to run when time for seeking further direct review expires)). Thus, to toll the statute of limitations, Whittle was required to move for post-conviction collateral relief in state court on or before January 12, 2017. Yet neither of his state post-conviction applications were filed before that date. A petitioner cannot revive an expired limitations period by filing a late state petition. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). Accordingly, AEDPA's statute of limitations period ran uninterrupted from

January 12, 2016, through January 12, 2017. Absent equitable or statutory tolling, the instant petition filed more than seven years after his conviction became final, is untimely.

Though Whittle at first denied that his petition is untimely, he has made several arguments in response to the motion to dismiss suggesting that he is entitled to statutory or equitable tolling. But his arguments do not persuade.

Liberally construed, Whittle first argues that he is entitled to equitable tolling because he hasn't received adequate legal assistance during his incarceration. The Fifth Circuit has repeatedly held that the inability to obtain research materials, ignorance of the law, or proceeding *pro se* are not rare and exceptional circumstances that warrant tolling of the AEDPA limitations period as these are typical of those bringing a 28 U.S.C. § 2254 claim. *See Scott*, 227 F.3d at 263 & n. 3 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Further, every inmate in the custody of the Mississippi Department of Corrections has access to legal assistance, case law, and other legal materials through the Inmate Legal Assistance Program, ("ILAP"), which was substituted for hardback libraries in 1997. *See Neal v. Bradley*, No. 2:05CV67-M-B, 2006 WL 2796404 (N.D. Miss. Sept. 25, 2006) (referencing the affidavit of Gia N. McLeod, Director of the ILAP). Through ILAP, inmates can submit a research request related to any issues relevant to challenging his conviction and sentence. Upon request, they also receive a post-conviction packet containing an overview of federal habeas, including information related to the one-year statute of limitations period. *Neal*, 2006 WL 2796404, at *3-4. Whittle does not allege that he was denied access to ILAP.

Second, Whittle submits an unfiled copy of a petition for certiorari in the United States Supreme Court dated February 10, 2022, seeking review of the Mississippi Supreme Court's denial of his second motion for post-conviction relief, to which he claims he never got a response. But as noted, Whittle did not initiate state post-conviction proceedings until after the expiration of the AEDPA deadline. So even if properly filed, such a petition could not have tolled the statute of limitations.

Next, Whittle references gang violence in Mississippi prisons and attaches a letter describing incidents in 2019 and 2018. But he does not explain or otherwise assert how these incidents prevented him from timely petitioning before the AEDPA deadline expired in January 2017.

Together with these claims, Whittle tries to invoke the factual predicate exception, which provides that AEDPA's limitations period begins running from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In support, Whittle claims that "he was unaware [until] 2021-2022-2023 of the possible ways in which he now alleges." But such a statement is too vague and ambiguous to trigger the factual predicate exception.

Lastly, Whittle asserts that he is actually innocent and requests an evidentiary hearing. Actual innocence itself is not a free-standing ground for habeas corpus relief, however. *Floyd v. Vannoy*, 894 F.3d 143, 155–58 (5th Cir. 2018); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim

5

considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). To overcome the expiration of the AEDPA statute of limitations by showing actual innocence, a petitioner must: (1) present "new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial;" and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), *citing Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Whittle has not met this high burden here. Apart from asserting his innocence, he has not presented any new, reliable evidence to demonstrate more likely than not that, had his actual innocence claims been presented at trial, a reasonable juror would not have convicted him. Nor has he shown that no reasonable juror would have convicted him based on "all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Reed*, 739 F.3d at 767. To make a credible actual innocence claim, a petitioner must: (1) present new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence; (2) that was not presented at trial; and (3) must show, that in light of this new evidence, it is more likely than not, that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *House*, 547 U.S. at 537, *citing Schlup*, 513 U.S. at 299. "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Tyler v. Davis*,

6

768 F. App'x 264, 265 (5th Cir. 2019) (quoting *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018)).

Here, Whittle submits excerpts from the trial testimony of several witnesses, and a letter from defense counsel advising that he was contacted by the husband of the victim's mother after trial. According to the husband, the victim's mother allegedly threatened to use the victim against him "for some type of monetary or damage to intimidate him." Counsel explained that he found this "very alarming" and recommended that Whittle find someone to "go talk to this individual before it was too late." The implication presumably being that the victim's mother had employed the same tactic against Whittle. But Whittle does not submit an affidavit from the husband substantiating this claim. He has not submitted any exculpatory evidence of any kind making it more likely than not that no reasonable juror would have convicted him. The Court also notes that the victim is now an adult and has not presented an affidavit recanting her sworn testimony identifying Whittle as her abuser. *Vaden v. Outlaw*, No. 4:12-CV-192- HTW-LRA, 2013 WL 3776796, at *6 (S.D. Miss. July 18, 2013).

As for Petitioner's request for an evidentiary hearing, 28 U.S.C. § 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and, the facts underlying the claim show by clear and convincing

evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).  Whittle has not made this showing here.

In sum, Whittle has not established a credible gateway claim sufficient to overcome the one-year period of limitation.  He has also failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims or that extraordinary circumstances existed to prevent him from timely filing his petition.  None of AEDPA's other statutory exceptions apply in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations.  Absent any evidence warranting additional tolling, Whittle's habeas petition is barred by the statute of limitations and should be dismissed with prejudice, without evidentiary hearing.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds

of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on January 25, 2024.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
