#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### SOUTHERN DIVISION

**TREMAYNE WHITTLE**                                                   **PETITIONER**

**v.**                                 **CIVIL ACTION NO. 1:23-cv-79-TBM-LGI**

**BRAND HUFFMAN**                                               **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Tremayne Whittle's ("Whittle") objections [22] to the Report and Recommendation [20] entered by United States Magistrate Judge LaKeysha Greer Isaac on January 25, 2024. Upon consideration of the record and the applicable law, Judge Isaac recommends that the Respondent's Motion to Dismiss be granted. This Court agrees because Whittle did not overcome the high burden of an actual innocence claim to establish a proper exception for the delay in filing his habeas petition. Accordingly, the Report and Recommendation is ADOPTED and the Respondent's Motion to Dismiss is GRANTED.

### I. BACKGROUND AND PROCEDURAL HISTORY

In 2014, a jury convicted Whittle of sexual battery of his ex-girlfriend's minor daughter, and the trial court sentenced him to thirty years in prison. [8-1]. Whittle appealed his conviction to the Mississippi Court of Appeals, but that court affirmed his conviction and sentence on December 15, 2015. [8-2]. In 2018, Whittle filed his first Motion for Post-Conviction Relief to Vacate Conviction and Illegal Sentence, and the Mississippi Supreme Court denied it on February 20, 2019. [8-3]. The mandate in Whittle's conviction was issued on January 12, 2016. [9], p. 653. In January 2020, Whittle filed a Motion for Rehearing, and the Mississippi Court of Appeals dismissed it for lack of jurisdiction. [8], p. 3; [9], p. 653.

On November 30, 2021, the Mississippi Supreme Court denied Whittle's second Motion for Post-Conviction Relief to Vacate Conviction and Illegal Sentence, determining that Whittle's claims were barred. [8-4]. On January 10, 2022, the Mississippi Supreme Court again denied Whittle's subsequent attempt at a Motion for Rehearing finding the motion lacked "merit" for rehearing. [8-5]. Though Whittle's conviction was final on January 12, 2016, on March 27, 2023, Whittle filed his federal habeas petition in which he contends that his petition is timely as required by the Antiterrorism Effective Death Penalty Act's "actual innocence" exception, and he asks this Court to "order an evidentiary hearing." [1], p. 15. On May 24, 2023, the Respondent moved to dismiss Whittle's petition, arguing that it is time barred under the Antiterrorism Effective Death Penalty Act. [8]. The Respondent claims that Whittle had one-year from the date the judgment against him became final to file a federal habeas petition unless an exception applied, and no such exception applied. *Id.*; 28 U.S.C. § 2244(d)(1)(A). The Respondent further contends that Whittle is not entitled to an evidentiary hearing. [8].

In reply, Whittle submitted a letter from his trial attorney that was sent after Whittle's jury trial on October 2, 2018. [10], p. 8. In that letter, the attorney stated that the victim's stepfather had contacted the attorney and shared that "the victim's mother had threatened [the victim's stepfather] with using the child against him for some type of monetary or damage to intimidate him." *Id.* No other relevant specifics concerning this statement have been provided by Whittle. Still, Whittle's attorney said that he found the statement "very alarming…and that [Whittle] needed to get somebody to talk to this individual before it is too late." *Id.*

On January 25, 2024, Magistrate Judge Isaac filed her Report and Recommendation recommending that this Court grant the Respondent's Motion to Dismiss. [20]. Judge Isaac

2

reasoned that Whittle had not pleaded a claim sufficient enough to establish a proper reason for the delay in filing his habeas petition, that Whittle did not establish that he exercised reasonable diligence in pursuing his federal habeas claims, or that extraordinary circumstances prevented him from timely filing his petition. [20], p. 8. Whittle filed his objections on March 1, 2024. [22].

## II. DISCUSSION AND ANALYSIS

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (alteration in original) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)); *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination based on that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review[.]" *Id*.

Whittle objects only to the findings within the Report and Recommendation concerning his failure to meet the high burden of properly pleading an actual innocence claim. Whittle does not object to the findings in the Report and Recommendation related to his request for an evidentiary hearing. This Order focuses only on the portion in which Whittle has objected to, as the Court has

3

reviewed the rest of the Report (*i.e.*, the portions not objected to) and has found the report is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1).

As for Whittle's only objection, the Report and Recommendation found that Whittle had not met the high burden of properly pleading an actual innocence claim. [20], p.6. The Magistrate Judge outlined the elements that Whittle would need to satisfy to overcome the Antiterrorism and Effective Death Penalty Act's statute of limitations based on a pleading of actual innocence, and Whittle did not do so. *Id*. To prove actual innocence Whittle must "(1) present new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence; (2) that was not presented at trial; and (3) must show, that in light of this new evidence, it is more likely than not, that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 299 (1995)); *McGowen v. Thaler*, 675 F.3d 482, 500 (5th Cir. 2012).

In his objection, Whittle asserts that the statement made by the victim's stepfather to Whittle's trial attorney was not received until after his trial. [22], pps. 2-3. Thus, implying that this statement could be considered "new reliable evidence" under the actual innocence standard. *Id*. Whittle further asserts that he cannot get an affidavit from the stepfather to further support this claim because the victim's stepfather is in prison in Georgia. *Id*. Similarly, Whittle would need time to find out where the victim is so he can also get someone to get a statement or affidavit from the victim as well. *Id*. Whittle lastly asks the Court to "stay this case" for him to organize getting an affidavit. *Id*.

With such a request, it seems that Whittle is asserting, though not definitively, that the victim's mother may have attempted to utilize the victim to get the victim's stepfather in trouble

in a similar capacity to Whittle's conviction. And that getting a statement from the stepfather could, in some way, prove Whittle's innocence. But the burden of showing "actual innocence" is not this simple. The letter that Whittle relies on from his attorney was sent to Whittle on October 2, 2018—five years before Whittle filed his habeas petition and two years after the mandate issued affirming his conviction and sentencing. [10], p. 8. Still, Whittle might have met the actual innocence exception in order to overcome the one-year time limit of the Antiterrorism and Effective Death Penalty Act if he was able to show that the potential affidavit from the victim's stepfather—that he claims he needs time to obtain—was actually new, exculpatory evidence. *House*, 547 U.S. at 537. But Whittle has not met this burden, and instead asks the Court to yet again extend a deadline that has already passed on the hope that Whittle can get an affidavit from the victim's stepfather or the victim—not that Whittle already has such an affidavit or even that Whittle knows what information would be provided in the affidavit that would be new, exculpatory evidence.

Even if Whittle could get affidavits from the victim or the victim's stepfather, Whittle would still need to show that in light of having these affidavits, it is more likely than not, that no reasonable juror would have found him guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 537, 126 S. Ct. 2064, 2076, 165 L. Ed. 2d 1 (2006); *McGowen v. Thaler*, 675 F.3d 482, 500 (5th Cir. 2012). Whittle has not done so.

For all these reasons, Whittle's only Objection is overruled.

### III. CONCLUSION

This Court has conducted an independent review of the entire record and a *de novo* review of Whittle's objection related to the specific finding within the Report and Recommendation that

5

he has not met the burden of properly pleading an actual innocence claim. For the reasons discussed above, Whittle's objection lacks merit and is overruled.[1] The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards.

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [20] entered by United States Magistrate Judge LaKeysha Greer Isaac on January 25, 2024, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Respondent's Motion to Dismiss [8] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that the Petitioner's Motion for Review of the Magistrate Judge's Order [18] is MOOT.

THIS, the 13th day of March, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[1] In August 2023, Whittle filed a Motion for Release on Bond which the Magistrate Judge denied. [15]; [17]. Whittle then filed a Motion for Review of the Magistrate Judge's Order on November 17, 2023. [18]. A Magistrate Judge's order on a non-dispositive matter may be modified or set aside "where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(a)(1)(B). Clear error exists when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Stubblefield v. Suzuki Motor Corp.*, 826 F. App'x 309, 319 (5th Cir. 2020) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). This Court cannot reverse the Magistrate Judge's ruling only because it "would have decided the case differently." *Id.* (quoting Anderson, 470 U.S. at 573). Here, because this Court has fully adopted the Magistrate Judge's Report and Recommendation and dismissed the case with prejudice, Whittle's Motion [18] for Review is now MOOT. That said, even if this motion were not moot, Whittle has not given the Court any evidence or legal authority to rely on to show that the denial of his Motion for Bond was clearly erroneous or contrary to law. *Williams v. K & B Equip. Co.*, 724 F.2d 508, 510 (5th Cir. 1984). Therefore, his motion would have still been denied.